UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**HERMAN VIRES**                                                                                       **PLAINTIFF**

**v.**                                                                        **CIVIL ACTION NO. 3:12CV-P488-S**

**UNIVERSITY OF LOUISVILLE HOSPITAL** *et al.*                                         **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Herman Vires filed this *pro se* action under 42 U.S.C. § 1983 proceeding *in forma pauperis*. This matter is before the Court on the initial review of the complaint pursuant to 28 U.S.C. § 1915 and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the action.

### I.

Plaintiff is an inmate currently incarcerated at the Kentucky State Reformatory (KSR). He sues the University of Louisville Hospital (ULH), "Stroke Team John and Jane Doe(s)," Doctor John Doe, and "Pharmaceutical Company John Doe." He alleges violations of the "Fifth, Eighth and Fourteenth Amendments of the United States Constitution as well section 11 and 17 of the Kentucky Constitution stemming from negligence and denial of proper medical care . . . ." Plaintiff states that he was an inmate at the Luther Luckett Correctional Complex (LLCC). On August 8, 2011, he was taken to ULH because he was believed to have had a stroke. He was examined by Defendant Dr. John Doe, and on August 10, 2011, the "Stroke Team" performed what he believes was a trans-esophagus ultrasound "to try to determine why he was having strokes." Plaintiff states that he asked Defendant Dr. John Doe if the procedure was safe and that Defendant Doe assured Plaintiff twice that it was "completely harmless."

According to the complaint, when Plaintiff awoke from the procedure, he could not see. Defendant Dr. John Doe informed Plaintiff that his vision would return and that it was probably a side effect of the medication. However, Plaintiff's vision did not return. Plaintiff states, "The procedure that Plaintiff under went resulted in the Plaintiff losing 90 percent of his vision in his left eye." Plaintiff reports that he was already blind in his right eye as a result of a childhood accident.

As the "Grounds why the Defendants are at fault," Plaintiff states as follows:

Doctor John Doe failed to fully inform me of the risk with the procedure that was performed on me and the possibility of any side effects of the procedure or the anesthetic used to sedate me for the procedure. He was further negligent when he assured me that the loss of my vision would only be temporary and failed to do any follow-up on my condition in an attempt to correct the loss of my vision or to ascertain if it was possible to save what little vision I had left thus constituting a deliberate indifference to my health and well being. The medical staff involved in my release from the hospital failed to properly discharge me from their care as to giving any consultation and instructions on my discharge.

Plaintiff further states the following:

Dr. John Doe failed to follow normal procedures and inform me of any risk that might be involve with the procedure he was wanting to perform on me and the risk that was associated with the anesthetic that was use on me. The medical care and treatment by Dr. John Doe, the Stroke Team, and the Medical Staff that assisted in the short recovery from the procedure performed on me and the staff involved in my discharge were inadequate and below the prevailing norms of medical practices and constituted a deliberate indifference to my health and well being.

Plaintiff reports that after he was discharged from ULH he was transferred back to LLCC and the following day was transferred to KSR's nursing unit. He states that Defendants "have done little if nothing to attempt to correct or assist the plaintiff with the loss of his vision." Plaintiff states that after the procedure he received an exam from an optometrist's office on August 18, 2011, and received an MRI on September 19, 2011. He states a "dedicated Orbital

study" was recommended but "was never followed upon." Plaintiff states that he intends to amend his complaint to sue prison officials.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2); *McGore*, 114 F.3d at 608.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A.    42 U.S.C. § 1983**

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.[1] *West v. Atkins*, 487 U.S.

---

[1] In *Mitchell v. Univ. Med. Ctr., Inc.*, No. 3:07cv-414-H, 2010 U.S. Dist. LEXIS 80194 (W.D. Ky. Aug. 9, 2010), this Court found, based on the record in that case, that University of Louisville Medical Center was not a state actor and its actions were not "'fairly attributable' to state.'" *Id.* at *28 (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)), *aff'd*, No. 10-5979, slip op. at 5-6 (6th Cir. Aug. 10, 2011). Therefore, it is unlikely that ULH, which is the same entity as University of Louisville Medical Center, or its doctors would be liable under § 1983. Moreover, "Pharmaceutical Company John Doe," a private corporation, is likewise unlikely to be liable under § 1983. However, since the complaint is subject to dismissal on the grounds stated herein, the Court will not address the issue of state action on initial review.

42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff alleges that Defendants' actions "constitut[ed] a deliberate indifference to my health and well being." "[D]eliberate indifference to serious medical needs of prisoners" is a violation of the Eighth Amendment's Cruel and Unusual Punishments Clause. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "[i]t is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct . . . . Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (dismissing a complaint brought under § 1983). Therefore, the Court looks to the factual basis for Plaintiff's claims to determine whether he has alleged a deliberate indifference claim.

A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Broyles v. Corr. Med. Servs.*, 478 F. App'x 971, 975 (6th Cir. 2012) (quoting *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)). In other words, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Id.* (quoting *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003)). Mere negligence will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994). Consequently, allegations of medical malpractice or

negligent diagnosis and treatment generally fail to state an Eighth Amendment claim of cruel and unusual punishment. *See Estelle*, 429 U.S. at 106.

Thus, assuming in the instant case that Plaintiff has alleged the objective component of a deliberate indifference claim, a sufficiently serious medical need, he must also make allegations that satisfy the subjective component, as well. In order for a claim to meet the subjective component of an Eighth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837-38. Therefore, Plaintiff "had to allege facts that could prove both that [Defendants were] aware of facts from which [they] could draw an inference that a substantial risk of serious harm existed to [Plaintiff's] health and that [they] in fact drew that inference." *Broyles*, 478 F. App'x at 975 (citing *Farmer*, 511 U.S. at 837).

Here, Plaintiff's allegations do not satisfy the subjective component of a deliberate indifference claim. Plaintiff alleges that Defendant Dr. John Doe failed to warn him of the risks of a trans-esophageal ultrasound and that he and other Defendants were negligent in performing the procedure. The complaint contains no allegation that any of the Defendants knew of a substantial risk associated with the procedure and disregarded the risk by failing to take steps to avoid it. "[W]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Upon review of Plaintiff's factual allegations, the Court determines that the complaint states negligence claims and it fails to state a deliberate indifference claim under the Eighth Amendment.

Plaintiff also alleges a violation of the Fourteenth Amendment. However, because Plaintiff was a convicted state inmate at the time of the facts alleged in the complaint, the Fourteenth Amendment does not apply. Rather, the Eighth Amendment is the source of protection for convicted prisoners complaining of prison conditions. *See Estelle*, 429 U.S. at 104. Plaintiff therefore fails to state a Fourteenth Amendment claim.

Plaintiff also alleges a violation of the Fifth Amendment. However, he fails to explain how the Fifth Amendment applies to his claims. Based on the facts alleged by Plaintiff, the Court does not find that Plaintiff has a cognizable Fifth Amendment claim against Defendants. Specifically, the Court notes that to the extent Plaintiff is attempting to rely on the Due Process Clause of the Fifth Amendment, it circumscribes only the actions of the federal government. *See, e.g.*, *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977). Here, the actions of federal officials are not at issue. Therefore, the complaint fails to state a Fifth Amendment claim.

Because Plaintiff fails to state a deprivation of federal statutory or constitutional rights, his § 1983 claims will be dismissed for failure to state a claim upon which relief may be granted. To the extent that Plaintiff states that he intends to bring claims against prison officials for denial of treatment after his return to KSR, this Memorandum Opinion does not prevent from him from filing a new action. **The Clerk of Court is DIRECTED to send Plaintiff a § 1983 complaint packet.**

**B.** **State-law claims**

Plaintiff alleges negligence and violation of his rights under the Kentucky Constitution. "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. The state-law claims will be dismissed without prejudice. This does not prevent Plaintiff from filing his state-law claims in state court.

For the reasons set forth above, the action will be dismissed by separate Order.

Date: January 15, 2013

Charles R. Simpson III, Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4411.010

8